IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

LAWRENCE H. THOMPSON     §
1000 North Green Parkway  §
Suite 440-383            §
Henderson, NV 89074      §

      Petitioner,

v.

UNITED STATES OF AMERICA

      Respondent.

CASE NUMBER  1:06MS00523

JUDGE: Richard W. Roberts

DECK TYPE: Miscellanous

DATE STAMP: 11/21/2006

## PETITION TO QUASH INTERNAL
## REVENUE SERVICE SUMMONS UNDER IRC § 7609

Lawrence H. Thompson ("Petitioner") files this Petition to Quash Internal Revenue Service Summons under IRC § 7609(b) and (h) against the United States of America ("Respondent"), which has been issued to: (a) Pepper Hamilton, LLP, Hamilton Square, 600 14th Street NW, Washington, D.C. 20005-2004; and (b) Jeffrey J. Kimbell & Associates, 1333 H Street, Suite 620 East, Washington, D.C. 20005. The Petitioner further alleges:

### PARTIES

1.     Petitioner is in individual with an address of 1000 North Green Parkway, Suite 440-383, Henderson, Nevada 89074.

2.     Respondent is the United States of America and may be served by mailing two copies of this Petition to Quash Internal Revenue Service Summons Under IRC § 7609 to Jeffrey A. Taylor, United States Attorney for the District of Columbia; and mailing two copies of this Petition to Quash Internal Revenue Service Summons Under

IRC § 7609 by certified mail to the Honorable Alberto Gonzalez, Attorney General of the United States, 10th and Pennsylvania Avenue, N.W. Washington, D.C. 20530.

3.    This civil action against the United States is to quash forty (40) IRS Administrative Summonses issued by the Internal Revenue Service ("IRS") in Seattle, Washington, that violates Due Process, the Internal Revenue Code, Treasury Regulations and the IRS Internal Revenue Manual.

4.    The IRS has issued these summonses to:  (a) Pepper Hamilton, LLP, Hamilton Square, 600 14th Street NW, Washington, D.C. 20005-2004; and (b) Jeffrey J. Kimbell & Associates, 1333 H Street, Suite 620 East, Washington, D.C. 20005.

## JURISDICTION

5.    Under IRC § 7609(b)(2)(A) and (h), this Court has jurisdiction.

## VENUE

6.    Under IRC § 7609 (h)(1), the United States District Court for the district within which the person to be summoned resides or is "found" shall have jurisdiction to hear and determine this proceeding.[1]

7.    On October 30, 2006, November 1, 2006, November 6, 2006 and November 7, 2006, Revenue Agent Paul R. Shipley ("Shipley"), located in the Seattle Office of the Internal Revenue Service,   served notice to Petitioner's counsel of Summonses issued to third party record holders located across the United States. *See*

---

[1]    The statute provides venue for where the recipient of the Summons resides or is "found". In a recent case, the government proposed that where a third party record keeper is "found" for the purposes of IRC § 7609(h)(1) is the "branch office test" relying on *Oldham v. United States*, 2002 U.S. Dist. LEXIS 9346, 2002 (D. Ore. 2002). In *Oldham*, the District Court held the presence of a third party record keeper's branch office in the district qualifies as being "found" within the district for the purposes of exercising jurisdiction. See *Gregory J. Williams v. United States*, 2005 U.S. Dist. LEXIS 25673 (E. Tenn. 2005).

Affidavit of Melissa Hovey attached hereto as Exhibit A. One or more of the following Administrative Summonses were served on recipients which reside or may be found in this jurisdiction.[2]

8.      The Summonses served on Petitioner's counsel on October 30, 2006, November 1, 2006, November 6, 2006, and November 7, 2006 are as follows:

     a.     Bank of America, WA1-501-25-17 800-5th Avenue Seattle, WA 98104;[3]

     b.     KPMG, 801-2nd Avenue Suite 900, Seattle, WA 98104.

     c.     Deloitte and Touche, LLP, 925-4th Avenue Suite 300, Seattle, WA 98104-1126;

     d.     American Express, General Counsel's Office, World Financial Center 200 Vesey Street, New York, NY 10285;

     e.     Baxter International, Inc., One Baxter Parkway, Deerfield, IL 60015;[4]

     f.     U.S. Bank National Association, 800 Nicollett Mall, Minneapolis, MN 55402;

     g.     Discovery Business Services, P.O. Box 3012, New Albany, OH 43054;

---

[2]    Concurrent with the filing of this Petition, Petitioner has filed through his counsel or *Pro Se* to have the IRS Administrative Summonses quashed in 14 separate District Courts. The District Courts are as follows: Northern District of Texas, Eastern District of Texas, Western District of Texas, Western District of Washington, Northern District of Illinois, Southern District of Florida, District of Columbia, Northern District of California, Northern District of Georgia, District of Colorado, District of Minnesota, Southern District of Ohio, Eastern District of Michigan, and District of Nevada.

All the recipients subject to the IRS Administrative Summonses reside or may be found in these districts. In the interest of judicial economy, we will request that the cases be transferred to and consolidated in the Northern District of Texas. The taxpayer's records are located at Petitioner's counsel's office in the Northern District of Texas. The taxpayer has also requested that the audit be transferred to the Northern District of Texas under Treasury Regulation § 301.7605-1.

[3]    Bank of America is a nationwide bank with branch offices in most major cities.

[4]    Petitioner is currently involved in litigation with Baxter International, Inc. The case relates to a breach of contract on the sale of one of Petitioner's overseas businesses with damages alleged to exceed $100,000,000.

h.    Visa Credit Card, 123 Mission Street 20th Floor, San Fransisco, CA 94105;

i.    Mail Boxes Etc., 61535 South Highway #97 Suite 9-415, Bend OR 97702-2154;

j.    Mail Boxes Etc., 177 North US Highway 1 Tequesta, FL 33469;

k.    Diners Club, 7958 South Chester St., Englewood, CO 80112;

l.    Equifax Information Services, LLC, P.O. Box 740256, Atlanta, GA 30374;

m.    Experian, P.O. Box 1240, Allen, TX 75013;

n.    Tousley, Brain and Stehens, PLLC, 1700 7th Avenue, Suite 2200, Seattle, WA 98101-1332;

o.    Northwest Capital Appreciation Capital, Inc. One Union Square 600 University Street, Suite 1720 Seattle, WA 98101;

p.    KTC Services Corp. 1201 3rd Avenue Suite 2900, Seattle, WA 98101;

q.    Karr, Tuttle & Campbell, 1201 3rd Avenue Suite 2900, Seattle, WA 98101;[5]

r.    Dorsey & Whitney, LLP, 1420 5th Avenue Suite 3400, Seattle, WA 98101-4010;

s.    University of Washington Office of Technology Transfer, 4311 11th Avenue NE Suite 500, Seattle, WA 98105-4608;

t.    Dr. Allen Upshall d/b/a Disome, 7049 NE 163rd Bothell, WA 98011;

u.    Mail Post, 704-228th Avenue, NE, Sammamish, WA 98074-7222;

v.    Pepper Hamilton, LLP, Hamilton Square 600, 14th Street NW Washington, D.C. 20005-2004;

w.    Jeffrey J. Kimbell & Associates, 1333 H Street Suite 620 East Washington, DC 20005;

---

[5]    Karr, Tuttle and Campbell is a law firm who represents Mr. Thompson. The summons issued to the law firm requests all "tax opinions" and "tax advice documents" in the possession of the firm for the tax years 2001 through 2005.

x.    Lowe, Price, Leblanc & Becker, 99 Canal Center Plaza Suite 300, Alexandria, VA 22314-5503;

y.    Mr. Nicholas D. Rubbo, 3906 NW 72nd Drive, Coral Springs, FL 33065;

z.    Mr. Joseph Rubbo, 8893 NW 55th Place, Coral Springs, FL 33067;

aa.    Mr. David Neal Cavallo, 3912 S. Ocean Blvd. #1208, Highland Beach, FL 33487;

bb.    International Exchange, 155 SE Mizner Blvd. #16B, Boca Raton, FL 33432;

cc.    Louisiana Central Net Profit Units, 2 North Lasalle Street, Chicago, IL 60602;

dd.    Trans-Union, 555 West Adams Street, Chicago, IL 60661;

ee.    Dr. Brigham Anderson, Ph.D., 6543 Dalzell Place, Pittsburgh, PA 15217 [6] (actually served in Seattle, WA);

ff.    Laughlin & Associates USA, 2533 North Carson Street, Carson City, Nevada 89706;

gg.    Mr. Paul Ketchel, Attorney at Law, c/o Larson, Stewart, Myrick and Link, LLC, 330 Franklin Road, Suite 235A #201, Brentwood, TN 37027;

hh.    ABC Corporate Filings, Inc., 29609 Tropea Drive, Warren, MI 48092-3387;

ii.    Key Bank, 4910 Tiedeman Road, Brooklyn OH 44144;

jj.    Washington Mutual Bank, 1201 3rd Avenue Mail Stop WNT 2107 Seattle, WA 98101;

kk.    GMAC Mortgage 3451 Mannond Avenue, Waterloo IA 50702;

ll.    Nevada State Bank, 5373 South Arville Street, Las Vegas NV 89118;

---

[6]    Dr. Anderson is Petitioners son-in-law. He is a scientist and contributes to projects such as the Hubble telescope and deep space exploration. He has no business dealings with Petitioner.

mm.   USAA Federal Savings Bank, 9800 Fredricksburg Road, San Antonio, TX 78288;

nn.   Bank of America Bankcard Services, 1825 East Buckeye Road, Phoenix AZ 85034.

## FACTUAL ALLEGATIONS

9.    On or about April 22, 2006, Shipley sent Petitioner IRS Form letter 3982 stating that Petitioner's tax return for the tax year ended December 31, 2002, had been selected for audit.

10.    Attached to Shipley's letter dated April 22, 2006, was an Information Document Request ("IDR"), Form 7564. The IDR is 20 pages long requesting 146 categories of documents in specified categories and subcategories. The IDR is *pro forma* and would require the production of thousands of documents.

11.    On May 15, 2006, counsel for Petitioner, William A. Roberts, sent a certified letter to Shipley stating as follows:

> I phoned you shortly after receiving an IDR in this matter and have not heard back from you, I left a rather lengthy message, but thought I better follow up with a letter.
>
> Mr. Thompson has a legitimate offshore business selling prescription drugs as well as an onshore business inside the United States doing the same thing. He keeps the two separate. He does not have any business dealings with the entities that you are talking about in your letter other than he used them to move his incorporation from Washington state to Nevada. He has no financial dealings with them other than that.[7]

---

[7]    The audit notice for the tax year 2002 alleges that Petitioner set up "sham" corporations offshore. Petitioner has legitimate offshore companies holding patents to various pharmaceutical products. One of those companies was sold to Baxter International, Inc., which is currently in litigation, for $30,000,000 plus a profit percentage of the companies future earnings. An allegation that Petitioner's company is a sham is absurd.

> I am sure you will need some verification of this, but instead of complying with the IDR which is very extensive, I thought that we could cut to chase and get you the information you really need. If you could get back to me, I would appreciate it.

11.     Mr. Roberts received no further written communication or IDRs from Shipley until September 26, 2006.

12.     On September 26, 2006, Shipley sent a letter by facsimile to Petitioner's counsel requesting Petitioner's current personal residence, home phone number and real property.

13.     Also, on September 26, 2006, Shipley sent to Petitioner's counsel Form letter 2205 informing counsel that the tax years 2003 and 2004 have been selected for audit. This correspondence was sent by regular mail. No IDRs were served as to the tax years 2003 and 2004.

14.     On October 9, 2006, counsel for Petitioner requested by mail that the audit of Mr. Thompson be moved to Dallas, Texas under Treasury Regulation § 301.7605-1. Counsel for Petitioner stated:

> In this case, we have all the original documents here in our office. Please also note that the taxpayer is currently undergoing medical treatment on the east coast. His current physical address is a medical facility. He is no longer a resident of Washington. Upon his release, he has already acquired a residence in Nevada.

15.     On October 10, 2006, Shipley sent Petitioner's counsel an email from Blake Becker, his supervisor, enclosing Internal Revenue Manual provisions regarding the transfer of a field audit from one IRS Office to another. The email contained handwritten notations from Shipley indicating that a requirement for transferring the case

to another IRS Office would be the taxpayer's consent to an extension of the statute of limitations.

16.    On October 12, 2006, Petitioner's counsel contacted Shipley by telephone. Again, Petitioner's counsel requested that the audit be transferred to Dallas as the taxpayer's records were maintained in Dallas and due to the taxpayer's medical condition. Counsel also verbally agreed to extend the statute of limitations in order to satisfy any precondition to granting the audit transfer.

17.    On October 13, 2006, Petitioner's counsel again requested that the case be transferred to Dallas, Texas and in writing agreed to extend the statute of limitations on assessment.

18.    On October 13 – 16, 2006, Shipley drafted a series of IRS Administrative Summonses. The Administrative Summonses were signed by Shipley and cosigned by Shipley's Manager indicating the date of signature as either October 13th or October 16, 2006.

19.    Under Internal Revenue Manual[8] ("IRM") § 25.5.1.4, before issuing a Summons, the IRS is required to attempt to obtain information voluntarily from taxpayers and witnesses prior to issuing a Summons.

20.    Under IRM § 4.10.2.9.3, IRS examiners are instructed not to use a "shot gun" IDR approach and only request documents relevant to the examination.

21.    Under IRC § 7602, an officer and employee of the Internal Revenue

---

[8]    All citations to the IRM are taken directly from the IRS website and www.irs.gov. The content of the IRS' own website is inherently reliable and subject to judicial notice.

Service may not contact any person other than the taxpayer with respect to the determination or collection of a tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.[9]

22.    In response to IRC § 7602, the IRS promulgated IRM § 4.10.1.6.12.2, stating that IRS employees may not contact any third parties without first providing reasonable notice that contacts with persons other than the taxpayer may be made.

23.    Under IRM § 4.10.1.6.12.2.1, when it is determined that third party contact is necessary, examiner's must review the case file to verify whether the taxpayer has received the required notification (either Notice 1219 with appropriate cover letter, or letter 3164) for all tax periods under examination.  The Internal Revenue Manual under this provision also states that in order to allow the post office sufficient time to deliver the notice, Agents do not make any third party contacts until 10 days from the date letter 3164 was mailed.

24.    Under Treasury Regulation § 601.506(a), any notice or written communication regarding the taxpayer must also be provided to the taxpayer's representative at the same time.

25.    On November 6, 2006, Petitioner's counsel received notice that a series of 40 Summonses had been sent to various third party record keepers regarding the Petitioner.  The service of a Summons is a third party contact which requires prior notification under the provisions of IRC § 7602.  The IRS is required to send a copy of a

---

[9]    This provision was passed under the 1998 IRS Reform and Reconstruction Act based on testimony showing this was an area of past abuse by IRS employees.

Summons to the taxpayer's designated representative at the same time it is served on the taxpayer.

26.    Under IRC § 7609(a), when an Administrative Summons is issued, notice must be given within three days to the person identified in the summons as well as a copy of the summons.

27.    The 40 Administrative Summonses request documents related to the tax years 2001 – 2005.   The Administrative Summonses also request records from 22 companies in addition to Mr. Thompson individually.

28.    In one instance, the Administrative Summons requests records from the tax year 1988.

29.    Mr. Thompson's individual tax returns for the tax years 1988, 2001 and 2005 have not been opened for audit.   The tax years 2003 and 2004 were not opened for audit until September 26, 2006.

30.    As to the 22 companies listed in the Summons, none have been opened for audit for any year.

31.    It is prohibited under the Internal Revenue Manual to request documents for tax years for taxpayers where no formal audit has been opened.

32.    Prior to issuing the Administrative Summonses, no notice of third party contacts a required by IRC § 7602 was provided to the Petitioner or his representative.   In addition, no notice of third party contacts as to the 22 companies listed in the Administrative Summonses was provided as required by IRC § 7602.

33.    On November 10, 2006, Petitioner's counsel sent a letter by facsimile to

Gerald Reese, Area Director for the Internal Revenue Service, stating:

> We have been trying to work this out at the lowest level possible without luck. We have offered to extend the statute to an auditor who has never sent an IDR (let me repeat that, not a single IDR) and he now has sent out 74 Summonses to family members, acquaintances and a large number of non-business contacts. This is an effort to intimidate.

> In addition, we have asked that the audit be moved to Dallas because the taxpayer no longer lives in the Northwest. All of his records are here in Dallas, or in Houston, and the client is hospitalized at John Hopkins.

> I have enclosed three letters sent previously. We have not heard back from the auditor on any of these.

> One final word. I am an ex-Department of Justice attorney who has been practicing tax law for twenty-five years, I do not go up the chain of command very easily or often, but I have never seen anything like this. You simply have someone that is out of control. [10]

34.     On November 13, 2006, Petitioner's counsel was contacted by Julie Forester and Blake Becker ("Forester and Becker") with the Internal Revenue Service Office in Seattle, Washington. Becker is Shipley's direct supervisor. Forester is the supervisor of Becker. Counsel for Petitioner and Forester and Becker discussed the case briefly, they agreed to review the file and discuss the case further on Friday, November 17, 2006.

35.     On November 17, 2006, a telephone conference was held with William A.

---

[10]     Mr. Roberts was mistaken in the no IDR comment. One IDR was sent for the year 2002.

Roberts and Kyle Coleman (counsel for Petitioner), and Forester, Becker, Shipley and Colleen Roberts of the Taxpayer Advocates Office.[11]

36.    During the telephone conference, Forester stated as follows:

a.    The Administrative Summonses prepared by Shipley dated October 13 – 16, 2006, were prepared and countersigned on that date. However, she stated (after consulting with Shipley) that notice to Petitioner and Petitioner's counsel was not mailed until November 3, 2006.

b.    Forester stated that cover letters mailed to the Summonses recipients, indicating the mailing date were not provided to Petitioner or Petitioner's counsel.

c.    Forester stated that no third party notification Notice 1219 or Notice 3164, had been sent to the taxpayer or the taxpayer's representative.

d.    Forester acknowledged that an Administrative Summons sent without proper third party notification under IRC § 7602 is a violation of the Internal Revenue Code.

e.    Forester could not explain why the Administrative Summonses requested legal opinions and advice of counsel from Mr. Thompson's various attorneys, as such items are privileged.

f.    Forester agreed that all the requirements for transfer of this case under Treasury Regulation § 301.7605-1 were met with the exception of whether the request would be an inconvenience for the IRS and that

---

[11]    The Taxpayer Advocates Office is an oversight body within the IRS established to ensure that taxpayer's rights are being respected. Presumably, Ms. Roberts took detailed notes of the conference as required by IRS procedures.

she was still considering this item to examine whether to move the case to Dallas.

g. Forester also stated that at this time she was not inclined to transfer the case to Dallas due to the fact that Shipley has so much time on the case.[12]

h. Forester acknowledged that although an audit had been opened as to the 2003 and 2004 tax years, no audit had been opened as to the 22 companies listed in the Administrative Summonses.

i. Forester stated that no IDR was sent to Petitioner for the tax years ended 2003 and 2004.

j. Forester stated that no IDRs were sent to Petitioner related to the 22 companies included in the IRS Summons.

## APPLICABLE LAW

37.     To obtain judicial enforcement of the Summons the IRS must establish 1) the investigation is being conducted for a legitimate purpose; 2) the inquiry may be relevant to that purpose; 3) the information sought is not already in the IRS's possession; and 4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57 – 58 (1964).

***The investigation is not being conducted for a Legitimate Purpose.***

---

[12] This statement is inconsistent with the Seattle IRS actions to this point. No IDRs have been sent and no documents requested from Petitioner as to two of the three tax years open for audit. As to one of the years under audit, Petitioner has specifically requested that the IRS narrow the scope of the documents requested.

Indeed, the Seattle Office has not received documents, or only a limited amount of documents pursuant to the Summonses. Further, under IRC § 7609, the Seattle Office is prohibited from examining the records received pursuant to the Summons until after this proceeding is resolved. See IRC § 7609(d).

38.     Due Process, the Internal Revenue Code, Treasury Regulations and applicable Internal Revenue Manual Provisions have not been followed by Shipley. Originally, the government alleged that Petitioner was being examined because of alleged overseas "sham" companies.    Arms length good faith purchasers have purchased Petitioner's overseas company for millions of dollars. The company is not a sham. The government is aware of this.

39.     The original IDR for the tax year 2002 did not comply with the Internal Revenue Manual.  It requested thousands of documents not relevant to the examination and was a "shot gun" form which is not allowed by the IRS's own internal rules.  When requested by Petitioner's counsel to narrow the scope to only those documents that Shipley really needed, no attempt was made to limit the request.

40.     Further, Shipley and his supervisors are not following Treasury Regulations regarding where an audit is to take place.  The IRS agrees, with the exception of as to its own convenience, that all the requirements are met to transfer this case to Dallas, Texas.  Rather than consider Petitioner's request to transfer the case to Dallas, Shipley immediately began preparing IRS Administrative Summonses.

41.     Shipley also ignored required provisions of the Internal Revenue Code. Prior to making any third party contacts and issuing the summonses, Shipley was required by statute to provide Petitioner with notice of third party contacts.  Forester and Blake have both admitted that the no third party notification Notice 1219 or Notice 3164, had been sent. Shipley violated the Code and the IRS' own internal procedures on how notice of third party contacts is to be made to taxpayers.

42.    Shipley has also sent the Administrative Summonses without giving Petitioner or Petitioner's counsel notice within three days as required by IRC 7609(a)(1). It appears from the dates on the Administrative Summonses that they were sent as early as October 13, 2006, without any notice as required by the Code until possibly as late as November 3, 2006. This violates fundamental Due Process by denying Petitioner an avenue to effectively challenge the Administrative Summons sent to family members, associates, competitions and anyone who he has done business with for the past thirty years before the documents are turned over to the government.

43.    As to the 22 companies listed in the Administrative Summonses, no notice of audit, no IDRs, no notice of third party contacts and no notice of the issuance of a summons has been made. For each company listed in the Administrative Summons, this is a separate violation of the Code, Treasury Regulations and the IRM.

44.    The Court may infer from the numerous violations of the Internal Revenue Code, Treasury Regulations and mandatory internal policies of the Internal Revenue Service that the actions of Shipley are for an improper purpose, to harass, intimidate and needlessly raise Petitioner's costs.

***The steps required by the Internal Revenue Code have not been followed.***

45.    Under IRC § 7609(a)(1), notice of a Summons is required to be given within three days of the date on which service is made to a third party record keeper. The Summonses in this case are dated October 13, 2006, and October 16, 2006. However, notice to Petitioner's counsel was not given until as late as November 3, 2006, some 20 days later. This is an egregious violation of the Code and Due Process.

46.    Further, the notice of third party contacts required under IRC § 7602 was

not made as to Petitioner or the 22 companies listed in the summons. This provision was passed during the 1998 Reform and Restructuring Act due to testimony before Congress of abuses such as are present in this case. Congress intended to afford taxpayers notice and an opportunity to appeal matters within the IRS administratively prior to numerous Summonses to family members, law firms, accounting firms, competitors and business associates of many years standing. Again, Congress enacted § 7602 in response to this very type of abuse. The Code requires that reasonable notice is to be given to the taxpayers prior to third party contacts. That was not done in this case.

47.    Most importantly, we also suspect that Shipley may have sent notice to Petitioner of the Administrative Summonses without sending notice to his representative at the same time as required by Treasury Regulation § 601.506(a). We cannot verify the exact date the notice was sent to Mr. Thomson because at the time he was being treated in John Hopkins. If Shipley sent notice to Petitioner and intentionally delayed sending notice to his representative as required by Treasury Regulation § 601.506(a), he has acted intentionally to conceal the fact as to when the Administrative Summonses were sent to Mr. Thompson. If such is the case, we submit the government is equitably estopped from arguing the required notice was sent prior to the time it was received by counsel.

WHEREFORE, Petitioner requests the Court Order that all documents received by the IRS pursuant to its Administrative Summonses be restricted from examination pursuant to IRC § 7609(d), that the Court grant Petitioner's Motion to Quash the IRS summonses issued to: (a) Pepper Hamilton, LLP, Hamilton Square, 600 14th Street NW, Washington, D.C. 20005-2004; and (b) Jeffrey J. Kimbell & Associates, 1333 H Street,

Suite 620 East, Washington, D.C. 20005. The Petitioner further requests that any

documents improperly obtained be returned to Petitioner, and other such relief as is just.


                                    Respectfully submitted,


Dated: November 21, 2006

                                    Kyle Coleman
                                    Texas State Bar No. 24025299
                                    The Roberts Law Firm
                                    The Fairways I
                                    16250 Dallas Parkway
                                    Suite 105
                                    Dallas, Texas 75248
                                    (972) 661-1040
                                    (972) 930-0999 – Facsimile


                                    _____
                                    Robert M. Adler (Bar No. 62950)
                                    O'Connor & Hannan, L.L.P.
                                    1666 K Street, N.W., Suite 500
                                    Washington, D.C. 20006
                                    202-887-1400 (phone)
                                    202-887-6186 (fax)
                                    radler@oconnorhannan.com

                                    ATTORNEYS FOR PETITIONER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that two true and accurate copies of the Petition to be filed

in this matter are being served pursuant to IRC §7609(b)(2)(B) by U.S. mail, first-class,

postage prepaid this 21st day of November, 2006 upon:

> Jeffrey A. Taylor, Esquire
> United States Attorney
> 555 4th Avenue, NW
> Washington, DC 20530
>
> Mr. Paul R. Shipley
> Internal Revenue Service
> 520 – 112th Avenue NE
> #300, Mail Stop:  704E
> Bellevue, Washington 98004-5526

and two true and accurate copies of the Petition are being served by certified mail, return
receipt requested upon:

> The Honorable Alberto Gonzalez
> Attorney General of the United States
> 10th and Pennsylvania Avenue, NW.
> Washington, D.C. 20530

Robert M. Adler

## AFFIDAVIT OF MELISSA HOVEY

I, Melissa Hovey, being of sound mind under no legal disability do make this affidavit of matters of which I have first-hand knowledge.

1.      My name is Melissa Hovey.

2.      I am the mail clerk for The Roberts Law Firm.

3.      As part of my duties, I catalog all mail received by The Roberts Law Firm.

4.      It is my customary practice to date stamp all mail received by The Roberts Law Firm.

5.      The Roberts Law Firm maintains all its documents in a digital format. After a document is stamped received, the document is then scanned into a digital medium and saved in each client's file. At the same time, the document is sent via email to all the attorneys in the firm for their review.

6.      On October 30, 2006, I reviewed the date stamped as received a letter from Paul R. Shipley to William A. Roberts. The letter enclosed a Summons to Baxter International Inc.; Bank of America; US Bank National Association; USAA Federal Savings Bank; GMAC Mortgage; Washington Mutual Bank; Key Bank; Bank of America; and Nevada State Bank.

7.      On November 1, 2006, I date stamped as received a letter from Paul R. Shipley to William A. Roberts. The letter enclosed a Summons to Deloitte & Touche LLP; KPMG; Pepper Hamilton, LLP; Jeffrey J. Kimbell & Associates; Mr. Paul Ketchel; Karr, Tuttle and Campbell; Lowe, Price, Leblanc & Becker; and Dorsey & Whitney, LLP.

8.     On November 6, 2006, I date stamped as received a letter from Paul R. Shipley to William A. Roberts.  The letter enclosed a Summons to Experian; Trans Union; Equifax Information Services; Mr. Nicholas D. Rubbo; Mr. Joseph Rubbo; Mr. David Neal Cavallo; International Exchange; and Diners Club.

9.     Also, on November 6, 2006, I date stamped as received a letter from Paul R. Shipley to William A. Roberts.  The letter enclosed a Summons to ABC Corporate Filings; Laughlin & Associates USA; KTC Services Corp.; and Mail Boxes Etc. in Oregon and Florida.

10.     Also, on November 6, 2006, I date stamped as received a letter from Paul R. Shipley to William A. Roberts.  The letter enclosed a Summons to Discover Business Services; Visa Credit Card; US Bank National Association; American Express; Northwest Capital Appreciation; Louisiana Central Net Profit Units; and Dr. Brigham Anderson.

11.     On November 7, 2006, I date stamped as received a letter from Paul R. Shipley to William A. Roberts dated November 3, 2006.  The letter enclosed a Summons to University of Washington Office of Technology Transfer; Tousley Brain and Stehens PLLC; Dr. Allen Upshall; and Mail Post.

FURTHER AFFIANT SAYETH NOT.

Dated: November 20, 2006



Melissa Hovey

SUBSCRIBED AND SWORN TO BEFORE ME on this 20 day of November, 2006.

Notary Public

Brittney Laine Tucker
My Commission Expires
03/20/2010