IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE H. THOMPSON | § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 1:06MS00523 |
| UNITED STATES OF AMERICA | § § | |
| Respondent. | § § § | |

### RESPONSE TO MOTION TO DISMISS PETITION
### TO QUASH INTERNAL REVENUE SUMMONS

COMES NOW the Petitioner and Responds to the government's Motion to Dismiss and states as follows:

### INTRODUCTION

1. Respondent's Motion to Dismiss should be denied. Although Respondent has withdrawn the forty-one (41) Summonses issued in this case, Petitioner is entitled to his costs in bringing this action. *See* I.R.C. § 7430.

2. Respondent's Motion to Dismiss should also be denied as the IRS has stated that it intends to reissue the unlawful Summonses as soon as this case is dismissed.

3. We respectfully request the Court to deny the government's Motion to Dismiss, Order the IRS comply with the Internal Revenue Code and applicable Treasury Regulations and consolidate this case with twelve (12) related cases in the Northern District of Texas on the issue of costs under I.R.C. § 7430.

147094

**FACTUAL BACKGROUND**

4. The Court must accept the well pled facts alleged by Petitioner as true for the purposes of this Motion.[1] Under the well pled facts, the IRS has violated the Internal Revenue Code, Treasury Regulations and its own internal operating procedures. It did so intentionally, and refused to withdraw the unlawful Summonses after Petitioner requested administratively that the Summonses be withdrawn. It was only after Petitioner filed lawsuits (and incurred significant costs) in thirteen (13) federal district courts that the unlawful Summonses were withdrawn.

5. This is one of 13 related cases to quash IRS Summonses.[2]

6. The IRS issued Administrative Summonses without first requesting the documents from Petitioner for two of the tax years involved. *See* Petition at ¶ 19.

7. In addition, prior to issuing the Administrative Summonses, no notice of third party contacts as required by IRC § 7602 was done. *See* Petition at ¶¶ 34-36.

8. On November 13 and November 17, 2006, counsel for Petitioner contacted the IRS Revenue Agent, the IRS Group Manager, the IRS Territory Manager, and the IRS Taxpayer Advocate's Office requesting that the Summonses be withdrawn administratively without a formal Petition to Quash. *See* Petition at ¶¶ 34-36.

---

[1] See *Marshall v. Americus-Sumter County Hosp. Auth.*, 1:01-OV-79-3(WLS), 2002 U.S. Dist. LEXIS 26823 at *5 (M.D Ga. Nov. 22, 2002); *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981); *Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir. 1980); *Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429, 432 (7th Cir. 1978); *Morgan v. Mason*, No. 94-00135-E-EJL, 1995 U.S. Dist. LEXIS 1565, at *4 (D. Idaho Jan. 20, 1995).

[2] See *Thompson v. United States*, Docket Nos. 1:06-cv-2342 (District of Colorado), 1:06MS00523 (District of Columbia), 06-cv-4572 (District of Minnesota), 2:06-cv-1480 (District of Nevada), 06-15244 (Eastern District of Michigan), 6:06-cv-503 (Eastern District of Texas), C06-7208SBA (Northern District of California), 1:06-cv-2850-TCB-JFK (Northern District of Georgia), 1:06-cv-6345 (Northern District of Illinois), 3:06-cv-2144-D (Northern District of Texas), 06-22859-cv (Southern District of Florida), 2:06-cv-993 (Southern District of Ohio), 2:06-cv-1677 (Western District of Washington).

9. On November 17, 2006, the IRS admitted that the Internal Revenue Code had not been followed and that proper notice had not been given to the taxpayer and indeed, documents were requested from third parties without requesting them from the taxpayer first. *Id*.

10. In addition, the IRS refused to comply with Petitioner's request to move the examination to Dallas, Texas under Treasury Regulation § 301.7605-1 despite admitting that all the factors necessary to move the case have been met by the taxpayer, other than the convenience of the IRS. *Id*.

11. The IRS also issued the Summonses without giving Petitioner or Petitioner's counsel notice as required by IRC § 7609(a)(1). See Petition at ¶ 42.

12. On January 12, 2007, Revenue Agent Paul R. Shipley withdrew the Summonses stating, "We are planning to re-serve the Summons." See Exhibits 1 – 34 attached hereto.

## APPLICABLE LAW

*The IRC § 7430 Standard.*

13. Generally, Section 7430 provides for the award of administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code ("IRC"). IRC § 7430.

14. An award of administrative or litigation costs may be made where the taxpayer (1) is the prevailing party, (2) exhausted available administrative remedies, (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed

reasonable administrative and litigation costs. IRC § 7430(a), (b)(1), (3), (c); *Portillo v. Commissioner*, 988 F.2d 27, 28 (5th Cir. 1993).

15. To be a "prevailing party" (1) the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) at the time the petition in the case was filed, the taxpayer must meet the net worth requirements of 28 U.S.C. § 2412(d)(2)(B). IRC § 7430(c)(4)(A).

16. A taxpayer will not be treated as the prevailing party if the Commissioner establishes that the Commissioner's position was substantially justified. IRC § 7430(c)(4)(B). A position is substantially justified if it is justified to a degree that could satisfy a reasonable person and has a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Portillo v. Commissioner, supra* at 28. A position that merely has enough merit to avoid sanctions for frivolousness will not satisfy this standard. *Pierce v. Underwood, supra* at 566.

17. The determination of reasonableness is based on all of the facts and circumstances surrounding the proceeding and the legal precedents relating to the case. *Coastal Petroleum Refiners, Inc. v. Commissioner*, 94 T.C. 685, 694-695 (1990). A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Pierce v. Underwood, supra* at 565.

18. A position is substantially justified in law if legal precedent substantially supports the Commissioner's position given the facts available to the Commissioner. *Coastal Petroleum Refiners, Inc. v. Commissioner, supra* at 688. The fact that the Commissioner loses on the merits or concedes the case does not establish that a position

was not substantially justified; however, it is a factor to be considered. *Portillo v. Commissioner, supra* at 28; *Powers v. Commissioner*, 100 T.C. 457, 471 (1993), affd. in part and revd. in part 43 F.3d (172) (5th Cir. 1995).

## ARGUMENT

19.     By withdrawing the Administrative Summonses, the government has admitted that they are unenforceable and unlawful. The issuance of the Administrative Summons violates multiple Internal Revenue Code provisions in addition to applicable Treasury Regulations and the IRS' own internal procedures.

20.     The administrative steps taken by Petitioner prior to bringing these Court actions were numerous. Petitioner attempted to have the Administrative Summons withdrawn by the Revenue Officer, the Group Manager, the Territory Manager and the Area Director for the Internal Revenue Service. Despite admitting that the issuance of the Summonses did not comply with the Internal Revenue Code, the IRS refused to withdraw the Summonses thereby forcing Petitioner to file these Petitions to Quash.

21.     Petitioner is entitled to costs under IRC § 7430. Petitioner has prevailed on the merits as the government has withdrawn the Summonses. Further, the government cannot be substantially justified in refusing to withdraw the Summonses when it admitted during administrative proceedings that the Summonses were improper.

22.     Filed herewith is a Motion to Consolidate. We would also request that this case be consolidated in the Northern District of Texas in the interest of judicial economy. The government has stated in writing its intention to reissue the unlawful Summonses. Consolidation of the cases in the Northern District of Texas will further promote judicial economy and avoid needlessly raising Petitioner's costs.

WHEREFORE, Petitioner respectfully requests the Court to deny the government's Motion to Dismiss, Order the IRS comply with the Internal Revenue Code and applicable Treasury Regulations and consolidate this case with twelve (12) related cases in the Northern District of Texas on the issue of costs under I.R.C. § 7430.

Respectfully submitted,

Dated: January 30, 2007

By:   /s/ Robert M. Adler
Robert M. Adler (Bar No. 62950)
O'Connor & Hannan, L.L.P.
1666 K Street, N.W., Suite 500
Washington, D.C. 20006
202-887-1400 (phone)
202-887-6186 (fax)
radler@oconnorhannan.com

ATTORNEY FOR PETITIONER

### CERTIFICATE OF SERVICE

I hereby certify on this 30th day of January, 2007, a true and correct copy of the above and foregoing Response to Motion to Dismiss was served via certified mail on David M. Katinsky, United States Department of Justice, Tax Division, PO Box 227, Ben Franklin Station, Washington, DC, 20044.

    /s/  Robert M. Adler
Robert M. Adler