IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE H. THOMPSON,   )
             )
   Petitioner,     )
             )
  v.         )   Case No. 1:06MS00523
             )   Hon. Richard W. Roberts
UNITED STATES OF AMERICA,  )
             )
   Respondent.    )

**REPLY TO RESPONSE TO UNITED STATES
OF AMERICA'S MOTION TO DISMISS PETITION**

Pursuant to LCvR 7(d), the United States of America replies to those portions of

petitioner's response to the United States' motion to dismiss that merit a reply.

**INTRODUCTION**

As set forth in the United States' motion to dismiss, petitioner herein seeks to

quash forty (40) Internal Revenue Service administrative summonses, which were

served by the IRS upon the individuals, companies, and other entities set forth in

paragraph 8 of the Petition (collectively, the summoned entities).  Not all of the

summoned entities are located in the District of Columbia.  Petition, ¶ 7 n.2 and ¶ 8.

After the commencement of this action, on January 12, 2007, the IRS issued letters to the

summoned entities formally withdrawing each of the 40 summonses.  Because the

summonses have been withdrawn, this action must be dismissed as moot.

2205704.1

**DISCUSSION**

Petitioner opposes the United States' motion to dismiss on the grounds that, although the summonses have been withdrawn, the case should continue in order to determine petitioner's entitlement to his costs in bringing this action pursuant to 26 U.S.C. § 7430. 1/   Petitioner's response, ¶ 1.  Petitioner has also filed a separate motion asking the Court to transfer this matter to the United States District Court for the Northern District of Texas.  (Docket No. 7.)  The United States is filing a response to that motion concurrently with this reply brief and will address the transfer issue in that response.

As set forth below, the issue of petitioner's entitlement to costs under section 7430 is insufficient to support subject matter jurisdiction where the summonses at issue have been withdrawn and the case has been rendered moot.  Moreover, even if this case could proceed on the issue of costs alone, petitioner is not a "prevailing party" under section 7430 and is not entitled to any award of fees.

---

1/ Petitioner also argues that the United States' motion to dismiss should be denied because the IRS stated in its letters withdrawing the summonses that it plans to re-issue the summonses.  Petitioner's Response, ¶ 2. To the extent that petitioner is attempting to argue that this case is subject to the exception for mootness for issues that are "capable of repetition, yet evading review," that exception is not applicable in this case.  That is because, when and if the IRS actually re-issues the summonses, petitioner can obtain review of those summonses at that time by filing a petition to quash.  Thus, any reliance on the fact that the IRS may re-issue the summonses in the future to oppose the United States' motion to dismiss is misplaced.

2205704.1

**1.    Where the Underlying Action Has Become Moot, Petitioner's Interest in a Possible Award of Costs and Fees Is Not Enough to Create a Justiciable Case or Controversy**

As set forth in the United States' motion to dismiss, because the summonses at issue have been withdrawn, the questions presented by the petition to quash are moot. Thus, as no case or controversy exists, the petition must be dismissed for lack of jurisdiction. *See, e.g., Gudenau v. United States*, 2006 WL 2639472 (D. Haw. Sep. 11, 2006) (denying as moot petition to quash where Service withdrew summonses); *Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) ("[b]ecause the summonses were thus withdrawn, there are no summonses to quash, and petitioner's motion to quash must be denied"); *Kearns v. United States*, 580 F. Supp. 8 (S.D. Ohio 1983) ("as the respondent has withdrawn the first summons, there is no longer a case or controversy for this Court to adjudicate with respect to the first summons"). *See also Malone v. IRS*, 237 F.2d 54, 55 (6th Cir. 1956) (when, during appeal, summons was withdrawn, appellate court remanded case to district court to vacate order and dismiss petition to quash as moot). The United States District Court for the District of Colorado has already dismissed on this ground one of the 14 petitions simultaneously filed by petitioner. Petition, ¶ 7 n.2. (A copy of the Order of Dismissal is attached hereto as Exhibit A.)

Fee awards are precluded in cases where, as here, the underlying action is moot and the fee-shifting provision requires "prevailing party" status. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990). In *Lewis*, the Supreme Court stated as follows:

2205704.1

An order vacating the judgment on grounds of mootness would deprive
Continental of its claim for attorney's fees under 42 U.S.C. § 1988
(assuming, *arguendo*, it would have such a claim), because such fees are
available only to a party that "prevails" by winning the relief it seeks . . .
This interest in attorney's fees is, of course, insufficient to create an Article
III case or controversy where none exists on the merits of the underlying
claim. *Id.* (citations omitted).

This principle is followed in *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 51 (1st Cir. 2006),

a case involving a claim for attorney's fees under Title III of the Americans with

Disabilities Act, wherein the court held that a "litigant's interest in a possible award of

attorneys' fees is not enough to create a justiciable case or controversy " on the merits of

a claim that no longer exists. *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

107-08 (1998) ("[t]he litigation must give the plaintiff some other benefit besides

reimbursement of costs that are a byproduct of the litigation itself").

Because this case has been rendered moot by the withdrawal of the summonses,

there exists no case or controversy and dismissal is required.  However, even if this case

could proceed on the issue of fees alone, petitioner is not entitled to an award of fees

because he has not established, and cannot establish, that he qualifies as a "prevailing

party" for purposes of 26 U.S.C. § 7430.

      **2.**       **Petitioner Is Not Entitled to an Award of Costs Under 26 U.S.C. § 7430.**

26 U.S.C. § 7430 provides that, subject to the requirements set forth in that

section, a "prevailing party" may obtain an award of both reasonable administrative

costs and reasonable litigation costs incurred in connection with certain administrative

and court proceedings.  26 U.S.C. § 7430(a).  The term "prevailing party" is defined in 26

2205704.1

U.S.C. § 7430(c)(4). 2/   As set forth below, petitioner herein is not a prevailing party in

this matter for three reasons.  First, a party cannot be considered a "prevailing party"

for purposes of any fee-shifting statute where the court has not granted the party any

relief and there has been no judicially-sanctioned change in the legal relationship of the

parties.  Second, pursuant to 26 U.S.C. § 7430(c)(4)(B), a taxpayer cannot be a prevailing

party where the position of the United States in the proceeding is substantially justified.

Third, petitioner has made no showing pursuant to 26 U.S.C. § 7430(c)(4)(A)(ii), that his

---

2/  26 U.S.C. § 7430(c)(4) provides, in pertinent part, as follows:

  (4)  PREVAILING PARTY.--

      (A) IN GENERAL.–The term "prevailing party" means any party in any proceeding to which
  subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--
          (i) which–
              (I) has substantially prevailed with respect to the amount in controversy, or
              (II) has substantially prevailed with respect to the most significant issue or
          set of issues presented, and
          (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of
      title 28, United States Code (as in effect of October 22, 1986) except to the extent
      differing procedures are established by rule of court and meets the requirements of section
      2412(d)(2)(B) of such title 28 (as so in effect).

      (B) EXCEPTION IF UNITED STATES ESTABLISHES THAT ITS POSITION WAS SUBSTANTIALLY
  JUSTIFIED.--
          (i) GENERAL RULE.– A party shall not be treated as the prevailing party in a
      proceeding to which subsection (a) applies if the United States establishes that the position
      of the United States in the proceeding was substantially justified.

                      *     *     *     *     *     *     *

      (C) DETERMINATION AS TO PREVAILING PARTY.– Any determination under this paragraph
  as to whether a party is a prevailing party shall be made by agreement of the parties or--
          (i) in the case where the final determination with respect to the tax, interest, or
      penalty is made at the administrative level, by the Internal Revenue Service, or
          (ii) in the case where such final determination is made by a court, the court.

2205704.1

net worth does not exceed the limit set forth in 28 U.S.C. § 2412(d)(2)(B).  Finally, with

respect to petitioner's claim for administrative costs under 26 U.S.C. § 7430(a)(1), no

such costs have been incurred in this matter.

### a.    *Petitioner has not "prevailed" in this matter.*

In this case, the IRS withdrew the summonses at issue after the filing of the

petition and before the United States filed an answer.  Thus, the Court has not awarded

any relief to the petitioner herein and the petitioner cannot be a "prevailing party" for

purposes of section 7430.  The Supreme Court held in *Buckhannon Bd. & Care Home, Inc.*

*v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001), that the term

"prevail" denotes "a judicially sanctioned change in the legal relationship of the

parties."  *See id.* at 603 ("a 'prevailing party' is one who has been awarded some relief

by the court").  Although *Buckhannon* did not involve a claim for fees under section

7430, several courts have found that *Buckhannon* applies to the "prevailing party"

requirement of the Equal Access to Justice Act, 26 U.S.C. § 2412(d) ("EAJA").  *See*

*Morillo-Cedron v. District Dir. for U.S. Citizenship & Immigration Services*, 452 F.3d 1254,

1258 (11th Cir. 2006) (and cases cited therein).  Moreover, the United States Court of

Appeals for the District of Columbia Circuit has held that *Buckhannon* endorses treating

all fee-shifting statutes using "prevailing party" consistently.  *Oil, Chemical and Atomic*

*Workers Int'l Union, AFL-CIO v. Department of Energy*, 288 F.3d 452, 454-55 (D.C. Cir.

2002); *see also*, *Doe v. Boston Public Schools*, 358 F.3d 20, 26 (1st Cir. 2004) ("*Buckhannon* is

2205704.1

presumed to apply generally to all fee-shifting statutes that use the 'prevailing party'

terminology").

The prevailing party requirement of EAJA is analogous to the prevailing party

requirement in section 7430. *See Huffman v. Commissioner*, 978 F.2d 1139, 1142 (9th Cir.

1992). Accordingly, *Buckhannon* applies to the present case. Because petitioner has not

been awarded any relief by the Court in this matter, he has not "prevailed" herein.

> **b.      *Petitioner cannot establish prevailing party status where the United States withdraws the summonses prior to answering the petition.***

Section 7430(c)(4)(B) provides that a taxpayer cannot be a prevailing party where

the government's position in the proceeding is substantially justified. "Generally, the

position of the United States in the judicial proceeding is established initially by the

Government's answer to the petition . . . [I]f the Government concedes the petitioner's

case in its answer, its conduct is reasonable." *Huffman v. Commissioner, supra* at 1148

(footnote and citations omitted); *see also*, *Phillips v. Commissioner*, 851 F.2d 1492, 1499

(D.C. Cir. 1988) (holding that the only relevant position of the Government under the

"substantially justified" standard of § 7430 is the position taken after litigation

commences, not before); *Baker v. Commissioner*, 787 F.2d 637, 641 (D.C. Cir. 1986) (same).

Following this reasoning, in cases where the United States withdraws the summonses at

issue before filing an answer, courts have held that the taxpayer is not a prevailing

party because the position of the United States cannot be measured for substantial

justification purposes until it files an answer, and if it concedes its position by

withdrawing the summonses before answering, its position is deemed reasonable and thus, substantially justified. *See Pacific Fisheries, Inc. v. United States*, Civ. No. 04-1147P, 94 A.F.T.R.2d (RIA) 5953 (W.D. Wash. 2004) (citing *Donlon I Dev. Corp. v. United States*, 830 F. Supp. 1315, 1318-1319 (C.D. Cal.)).  Accordingly, petitioner herein cannot establish prevailing party status.

> **c.**     ***Petitioner has neither alleged nor submitted evidence to show that he meets the maximum net worth requirement under section 7430(c)(4)(A)(ii).***

Pursuant to section 7430(c)(4)(A)(ii), in order to qualify as a "prevailing party," petitioner must meet the requirements of the first sentence of 28 U.S.C. § 2412(d)(1)(B), which states, in pertinent part, as follows:  "A party seeking an award of fees and other expenses shall, . . . submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . ."  In the case of individuals, a "party" is defined in 28 U.S.C. § 2412(d)(2)(B) as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed."

As the party seeking an award of fees and costs, petitioner bears the burden of establishing that he meets the net worth requirement of section 2412. *Estate of Woll by Woll v. United States*, 44 F.3d 464, 470 (7th Cir. 1994) (citing *Pate v. United States,* 982 F.2d 457, 459 (10th Cir. 1993); *National Truck Equip. Ass'n v. National Highway Traffic Safety Admin.*, 972 F.2d 669, 671 (6th Cir. 1992); *Love v. Reilly,* 924 F.2d 1492, 1494 (9th Cir. 1991)).  Petitioner has not even alleged, let alone submitted evidence to show, that his

2205704.1

net worth is below the $2,000,000 ceiling.  Thus, petitioner has failed to show that he is a

prevailing party under 26 U.S.C. § 7430.

        **d.**      ***For purposes of section 7430, petitioner has***
                ***not incurred "administrative costs" in this matter.***

While not altogether clear, in petitioner's response to the United States' motion to

dismiss, petitioner appears to seek an award of both administrative and litigation costs

incurred in this matter.  Petitioner's response, ¶¶ 13, 14, 20.  The starting point of the

"administrative proceeding" for purposes of determining an award of costs and fees

under section 7430 is the earlier of the taxpayers' receipt of a notice of deficiency or a

decision of the IRS Office of Appeals.  *Huffman v. Commissioner, supra* at 1147; *see* 26

U.S.C. § 7430(c)(4)(B), (c)(7)(B).  Thus, relying on the holding of *Huffman*, the District

Court in *Donlon I Dev. Corp., supra,* correctly held in a case identical to the case at bar:

> The summons stage of an IRS investigation is not subject to the deficiency
> provisions of the [Internal Revenue Code], and the IRS Office of Appeals
> has no jurisdiction to determine whether a summons should be issued.
> *See* 26 U.S.C. § 6213.  This case involved no administrative proceedings
> that § 7430 recognizes for the purposes of awarding attorney's fees.
> Therefore Petitioner is unable to receive attorney's fees for the
> administrative proceedings.  *Donlon I Dev. Corp. v. United States*, 830 F.
> Supp. at 1318.

Accordingly, to the extent that petitioner requests an award of reasonable

administrative costs in this matter, that request must be denied.

**CONCLUSION**

Petitioner's claim for attorney's fees is insufficient to create a justiciable case or

controversy on the merits of a case that has been rendered moot.  Moreover, even if this

9

case could proceed on the issue of petitioner's claim for fees alone, petitioner is not

entitled to an award of such fees because, for the many reasons set forth above, he is not

a prevailing party in this matter within the meaning of section 7430.  Finally, any claim

for administrative costs must be denied because none were incurred.

Dated:  February 6, 2007

Respectfully submitted,


/s/ David M. Katinsky
DAVID M. KATINSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2205704.1

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing REPLY TO RESPONSE TO

UNITED STATES OF AMERICA'S MOTION TO DISMISS PETITION, was caused to be

served this 6th day of February, 2007, by depositing a true and correct copy thereof in

the United States mail, postage prepaid, addressed as follows:


Kyle Coleman, Esq.
The Roberts Law Firm
The Fairways I
16250 Dallas Parkway
Suite 105
Dallas, TX 75248

Robert M. Adler, Esq.
O'Conner & Hannan, L.L.P.
1666 K Street, N.W.
Suite 500
Washington, DC 20006


/s/ David M. Katinsky
DAVID M. KATINSKY

2205704.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02342-RPM

LAWRENCE H. THOMPSON,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

_____

ORDER OF DISMISSAL
_____

On November 21, 2006, Lawrence H. Thompson, by counsel, filed a Petition to

Quash Internal Revenue Service Summons under IRC § 7609, alleging that the Internal

Revenue Service ("IRS") has issued some 40 administrative summonses to third party

record holders located in 14 judicial districts.  The only summons served within this district

is to the Diners Club in Englewood, Colorado.  The petitioner alleged that he has filed this

same petition in the other 13 districts, including the Northern District of Texas and the

petitioner requested transfer of this matter to that district.  On January 22, 2007, the

respondent filed a motion to dismiss for lack of subject matter jurisdiction, improper venue,

and mootness.  Attached to the motion to dismiss is a declaration of attorney Karen L.

Pound enclosing letters from Revenue Agent Paul R. Shipley withdrawing the summons to

the Diners Club and the other third-party record keepers, saying that notice provisions

were not properly followed.  On January 26, 2007, the petitioner filed his response to that

motion together with a motion for consolidation under Fed.R.Civ.P. 42(a), asking

consolidation with the petition pending in the Northern District of Texas.  In his opposition

EXHIBIT A

to dismissal, the petitioner notes that Revenue Agent Shipley indicates that there is a plan to re-serve the summons. The petitioner also asserts that this Court should retain jurisdiction in this matter for an award of costs and fees under 26 U.S.C. § 7430. The Government replied to the motion for consolidation on January 31, 2007, and a reply to the petitioner's response on Feburary 2, 2007.

Because venue for a petition to quash an IRS summons lies in the judicial district in which the third party record keeper is found, only the summons served on the Diners Club was properly filed in this court. There is no basis for a transfer of this petition for consolidation with those pending in the Northern District of Texas. The motion to consolidate is denied. The withdrawal of the summons to the Diners Club was not until after the filing of this and the other petitions. It appears that this petition and the others were the motivating factors in causing the withdrawal. The issue is now moot and while there may be an arguable basis for considering the petitioner to be a prevailing party under IRC § 7430, proceeding with this case for that limited purpose on only one of the 40 served summonses for the limited purpose of separating out whatever costs may be attributable to this action would be *de minimus* and could well be considered in the Northern District of Texas or any other court which determines to proceed for that limited purpose. It is therefore

ORDERED that this civil action is dismissed as moot.

DATED: February 5th, 2007

BY THE COURT:

s/Richard P. Matsch
Richard P. Matsch, Senior Judge

2

EXHIBIT A