IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE H. THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:06MS00523 |
| ) | Hon. Richard W. Roberts |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPPOSITION TO PETITIONER'S MOTION FOR CONSOLIDATION**

Pursuant to LCvR 7(b), the United States of America opposes Petitioner's Motion for Consolidation Pursuant to 28 U.S.C. 1404 as follows.

**BACKGROUND**

In this action, the petitioner sought to quash forty (40) Internal Revenue Service administrative summonses issued to various third-party entities across the country. However, on January 12, 2007, the IRS formally withdrew each of the 40 summonses. Prior to the IRS formally withdrawing the summonses, the petitioner filed virtually identical petitions to quash the summonses in fourteen different judicial districts, including in the United States District Court for the District of Columbia.

Because the IRS has withdrawn each of the summonses rendering the petitions to quash moot, and because this Court lacks jurisdiction over any summoned entity that is not located within the District of Columbia, the United States filed a motion to dismiss on January 30, 2007. (Docket Nos. 4-5). Despite the mootness of this action, the

2207434.1

petitioner has now filed a motion to consolidate all fourteen of the petitions to quash in the Northern District of Texas under 28 U.S.C. § 1404.

## DISCUSSION

1. <u>28 U.S.C. § 1404 Does Not Provide for Consolidation of Cases Where the Case Could Not Have Been Brought in the Transferee Court.</u>

As outlined in the United States' motion to dismiss, a proceeding to quash a third-party summons must be brought in the district where the summoned party is found. 26 U.S.C. § 7609(h)(1). This requirement is not a venue provision, but rather is a jurisdictional requirement. *Id.*; *Deal v. United States*, 759 F.2d 442, 443 (5th Cir. 1985); *Pflum v. United States*, No. 97-3040, 1997 U.S. App. LEXIS 27147, at *4 (10th Cir. Oct. 2, 1997). In the instant case, several of the summonses are directed to entities found outside the Northen District of Texas, including the two summonses which petitioner seeks to quash in this case. Moreover, there is no allegation or evidence that the records maintained by the summoned entities are all located in the Northern District of Texas. *See Masat v. U.S.*, 745 F.2d 985, 988 (5th Cir. 1984). Accordingly, the petitions to quash affecting summoned entities not found in the Northern District of Texas could not have originally been brought in that district pursuant to 28 U.S.C. § 7609(h)(1). Under 28 U.S.C. § 1404, a case may only be transferred to another "district or division where it might have been brought." Therefore, this Court may not transfer this case to the Northern District of Texas with respect to any of the summoned entities that are not found in that district. *See* Order of Dismissal in *Thompson v. United States*, Civil Action

No. 06-cv-02342-RPM (D. Colo. Feb. 5, 2007), attached hereto as Exhibit A (denying petitioner's motion to consolidate and refusing to transfer petition for Colorado summons to the Northern District of Texas); *see also United States v. City Bank*, 527 F. Supp. 523, 525 (N.D. Ohio 1981) (Section 1404 does not dispense with the requirement that venue must be proper in the transferee district).  Additionally, because all of the summonses have been withdrawn, there is no case or controversy remaining herein to be transferred.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court deny the Petitioner's Motion for Consolidation.

Dated:  February 6, 2007

                                        Respectfully submitted,

                                        /s/ David M. Katinsky
                                        DAVID M. KATINSKY
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing OPPOSITION TO PETITIONER'S MOTION FOR CONSOLIDATION and proposed ORDER DENYING PETITIONER'S MOTION FOR CONSOLIDATION were caused to be served this 6th day of February, 2007, by depositing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

>Kyle Coleman, Esq.
>The Roberts Law Firm
>The Fairways I
>16250 Dallas Parkway
>Suite 105
>Dallas, TX 75248
>
>Robert M. Adler, Esq.
>O'Conner & Hannan, L.L.P.
>1666 K Street, N.W.
>Suite 500
>Washington, DC 20006

>/s/ David M. Katinsky
>DAVID M. KATINSKY

2207434.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE H. THOMPSON,      ) | |
| ) | |
| Petitioner,      ) | |
| ) | |
| v.      ) | Case No. 1:06MS00523 |
| ) | Hon. Richard W. Roberts |
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Respondent.      ) | |

**<u>ORDER DENYING PETITIONER'S MOTION FOR CONSOLIDATION</u>**

Having considered the PETITIONER'S MOTION FOR CONSOLIDATION PURSUANT TO 28 U.S.C. 1404 and the United States' OPPOSITION TO PETITIONER'S MOTION FOR CONSOLIDATION, and the entire record of this proceeding, it is by the Court

ORDERED that the PETITIONER'S MOTION FOR CONSOLIDATION PURSUANT TO 28 U.S.C. 1404 be, and hereby is, DENIED; and it is further

ORDERED that the Clerk shall distribute copies of this order by ECF to the parties.

_____
UNITED STATES DISTRICT JUDGE

2207984.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02342-RPM

LAWRENCE H. THOMPSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____

ORDER OF DISMISSAL
_____

On November 21, 2006, Lawrence H. Thompson, by counsel, filed a Petition to Quash Internal Revenue Service Summons under IRC § 7609, alleging that the Internal Revenue Service ("IRS") has issued some 40 administrative summonses to third party record holders located in 14 judicial districts. The only summons served within this district is to the Diners Club in Englewood, Colorado. The petitioner alleged that he has filed this same petition in the other 13 districts, including the Northern District of Texas and the petitioner requested transfer of this matter to that district. On January 22, 2007, the respondent filed a motion to dismiss for lack of subject matter jurisdiction, improper venue, and mootness. Attached to the motion to dismiss is a declaration of attorney Karen L. Pound enclosing letters from Revenue Agent Paul R. Shipley withdrawing the summons to the Diners Club and the other third-party record keepers, saying that notice provisions were not properly followed. On January 26, 2007, the petitioner filed his response to that motion together with a motion for consolidation under Fed.R.Civ.P. 42(a), asking consolidation with the petition pending in the Northern District of Texas. In his opposition

EXHIBIT A

to dismissal, the petitioner notes that Revenue Agent Shipley indicates that there is a plan to re-serve the summons. The petitioner also asserts that this Court should retain jurisdiction in this matter for an award of costs and fees under 26 U.S.C. § 7430. The Government replied to the motion for consolidation on January 31, 2007, and a reply to the petitioner's response on Feburary 2, 2007.

    Because venue for a petition to quash an IRS summons lies in the judicial district in which the third party record keeper is found, only the summons served on the Diners Club was properly filed in this court. There is no basis for a transfer of this petition for consolidation with those pending in the Northern District of Texas. The motion to consolidate is denied. The withdrawal of the summons to the Diners Club was not until after the filing of this and the other petitions. It appears that this petition and the others were the motivating factors in causing the withdrawal. The issue is now moot and while there may be an arguable basis for considering the petitioner to be a prevailing party under IRC § 7430, proceeding with this case for that limited purpose on only one of the 40 served summonses for the limited purpose of separating out whatever costs may be attributable to this action would be *de minimus* and could well be considered in the Northern District of Texas or any other court which determines to proceed for that limited purpose. It is therefore

    ORDERED that this civil action is dismissed as moot.

    DATED: February 5th, 2007

                              BY THE COURT:

                              s/Richard P. Matsch
                              Richard P. Matsch, Senior Judge

**EXHIBIT A**