**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAWRENCE H. THOMPSON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Misc. 06-523 (RWR/JMF)

**REPORT AND RECOMMENDATION**

    Currently pending and ready for resolution are 1) the petitioner's Petition to Quash Internal Revenue Service Summons Under IRC § 7609 ("Pet."), 2) the United States of America's Motion to Dismiss Petition ("Mot. to Dismiss"), and 3) the Petitioner's Motion for Consolidation Pursuant to 28 U.S.C. 1404 and Brief in Support ("Mot. for Cons.").  For the reasons stated below, I recommend that the case be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

    The petitioner, Lawrence H. Thompson, lives in Henderson, Nevada. Pet. at 1.  On October 30, 2006, November 1, 2006, and November 6, 2006, Internal Revenue Agent Paul R. Shipley served petitioner's counsel notice of summonses that had been issued to numerous third party record holders located in various states, including two parties located in the District of Columbia. Id. at 2.  On November 21, 2006, petitioner filed a motion to quash the two summonses that had been issued to the two District of Columbia entities:  1) Pepper Hamilton,

LLP, Hamilton Square, 600 14th Street NW, Washington, DC 20005-2004 and 2) Jeffrey J.

Kimbell & Associates, 1333 H Street, Suite 620 East, Washington, DC 20005. Id. at 1. On

January 30, 2007, the United States moved, pursuant to Rule 12(b), to dismiss the petition based

on the fact that the summonses had been withdrawn by the IRS. Mot. to Dismiss at 3-4.

**DISCUSSION**

I.    The Court's Jurisdiction

This Court has jurisdiction over motions to quash third-party summonses pursuant to 26

USC § 2607(h)(1), provided that the person or entity to be summoned resides or is to be found in

the District of Columbia. Both Pepper Hamilton, LLP, and Jeffrey J. Kimbell & Associates are

located in the District of Columbia and therefore the case was properly brought in the United

States District Court for the District of Columbia. However, as an Article III court, this Court

must still have before it a ripe case or controversy, and a case that is moot does not meet this

criterion. Iron Arrow Soc'y v. Heckler, 464 U.S. 67, 70 (1983); City of Houston v. Dep't of

Hous. & Urban Dev., 24 F.3d 1421, 1426 (D.C. 1994).

In the case at bar, because the summonses have been withdrawn, there is no case or

controversy for the Court to resolve. See Thompson v. United States, No. 3:06-CV-2144, 2007

WL 1412308, at *4 (N.D. Tex. April 19, 2007) ("Accordingly, because the court lacks the

constitutional power to adjudicate Petitioner's claim on the grounds of mootness, the case should

be dismissed pursuant to Rule 12(b)(1)."). I therefore recommend that the government's motion

to dismiss be granted on the grounds that petitioner's petition is now moot.

II.    Additional Relief Sought by Petitioner

In addition to petitioning this Court to quash the two IRS third-party summonses issued

to companies located within the District of Columbia, petitioner also moves this Court to 1)

2

preclude the IRS from examining any documents received by the IRS pursuant to its administrative summonses,[1] and 2) consolidate this case with other cases in the Northern District of Texas so that petitioner may seek reimbursement of his costs pursuant to 26 USC § 7430.[2] Having concluded, however, that this Court lacks jurisdiction over petitioner's case, I may not consider either petitioner's request that the government's use of any documents previously received pursuant to administrative summonses be restricted or his request that the case be consolidated with cases in another district.  The pertinent rule is unequivocal:  "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  Thus, having determined that this Court lacks jurisdiction over the subject matter, there is no basis upon which this Court can consider any of petitioner's supplemental requests for relief.

**CONCLUSION**

For the above-stated reasons, I recommend that the Court 1) grant the United States of America's Motion to Dismiss Petition [#4]; 2) deny as moot petitioner's Petition to Quash Internal Revenue Service Summons Under IRC § 7609 [#1]; 3) deny as moot the Petitioner's Motion for Consolidation Pursuant to 28 U.S.C. 1404 and Brief in Support [#7]; and 4) dismiss the case in its entirety.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**

---

[1] Pet. at 16.
[2] Mot. for Cons. at 2 ("In addition, as Petitioner has substantially prevailed on the merits as the IRS has withdrawn the unlawful Summonses, Petitioner intends to seek costs under IRC § 7430."); Response to Motion to Dismiss Petition to Quash Internal Revenue Summons.

_____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: May 22, 2007